UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JOSHUA KIRSCHNER,

                                                                                                 COMPLAINT

                       Plaintiff,

                                                                                         Civil Action No:

       -against-

OCWEN LOAN SERVICING, LLC,

                       Defendants.
-------------------------------------------------------------------X

      Plaintiff JOSHUA KIRSCHNER ("Plaintiff"), by and through his attorneys, Marcus & Zelman, LLC, as and for his Complaint against the Defendants OCWEN LOAN SERVICING, LLC, respectfully sets forth, complains and alleges, upon information and belief, the following:

### INTRODUCTION/PRELIMINARY STATEMENT

1. Plaintiff brings this action on his own behalf for damages and declaratory and injunctive relief arising from the Defendant's violation(s) under Title 47 of the United States Code, §227 commonly known as the Telephone Consumer Protection Act (TCPA) and 15 USC §1692, commonly known as the Fair Debt Collection Practices Act (the FDCPA)

2. The TCPA prohibits auto-dialed calls which are placed to a called party's cellular phone without that party's consent.  Senator Hollings, the TCPA's sponsor, described these autod-dialed calls as "the scourge of modern civilization. They wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall." *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1255-56 (11th Cir. 2014), *citing,* 137 Cong. Rec. 30,821 (1991).

3. In 1991, Congress responded to these abuses by passing the TCPA. In enacting the TCPA, Congress made findings that telemarketing had become "pervasive due to the increased use

of cost-effective telemarketing techniques." *See,* PL 102-243, § 2(1). "Residential telephone subscribers consider automated or prerecorded telephone calls, regardless of the content or the initiator of the message, to be a nuisance and an invasion of privacy." Id. § 2(10). The TCPA's findings also reflect Congress's conclusion that "[i]ndividuals' privacy rights, public safety interests, and commercial freedoms of speech and trade must be balanced in a way that protects the privacy of individuals and permits legitimate telemarketing practices." Id. § 2(9). Consumers who receive these unauthorized calls thus have suffered a distinct privacy-related interest, namely the "intentional intru[sion] . . . upon their solitude or seclusion of their private affairs or concerns." *Intrusion Upon Seclusion*, Restatement (Second) of Torts § 652B (1977).

4. In a similar vein, Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws . . . [we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

5. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, *id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to

comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

6. The Court has jurisdiction over this matter pursuant to 28 USC §1331, as this action raises claims under 15 U.S.C. § 1692 and 47 U.S.C. § 227.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

8. Plaintiff, JOSHUA KIRSCHNER ("Plaintiff"), is a natural person residing in Lawrence, New York, located in the County of Nassau, and is a "person" as defined by 47 U.S.C. § 153 (10).

9. Defendant, OCWEN LOAN SERVICING, LLC ("Defendant"), is a limited liability company, with its principal place of business located in West Palm Beach, Florida.

## FACTUAL ALLEGATIONS

10. On information and belief, on a date better known to Defendants, Defendants began their campaign of communicating with the Plaintiff via the use of an automated telephone dialing system and prerecorded messages throughout the past year by calling his cell phone number of (516)662-4496 numerous times seeking a third party.

11. Plaintiff has never had a relationship with Ocwen, has never authorized Ocwen to contact him via the use of an automatic telephone dialing system, or provided his phone number to Ocwen.

12. Instead, upon information and belief, Ocwen has been attempting to contact, and collect a debt from, an individual named Leonard B**** (name redacted to protect third party's privacy), who owned and lived in Plaintiff's apartment before losing that apartment in a foreclosure proceeding.

13. Upon information and belief, the individual named Leonard B**** continues to owe a balance on the mortgage he took out on his now-foreclosed home, which Ocwen has continued its attempt to collect, by calling and harassing the Plaintiff who has no affiliation with this individual.

14. Plaintiff is the customary and sole user of the cellular phone number (516)662-4496, and has been the customary and sole user of that phone number at all times relevant hereto.

15. The Plaintiff never gave the Defendant his prior, express permission to call his cell phone via the use of an automated telephone dialing system or prerecorded message. Upon information and belief, Plaintiff has never provided his cell phone number to Defendant or had any business, educational or personal relationship with the Defendant.

16. Plaintiff had no wish to be contacted on his cell phone via the use of an autodialer or prerecorded message, and expressly directed Defendants to stop calling his cell phone number on numerous occasions.

17. After one such conversation where the Plaintiff asked the Defendant to stop calling his cellular phone, the Defendant's customer service representative advised the Plaintiff to submit his request in writing to its 'Research Department'.

18. After the Plaintiff submitted his written request for the Defendant to stop calling him, the Defendant still persisted in calling the Plaintiff's cellular phone via the use of an automated telephone dialing system on dozens of occasions, all in an attempt to collect a debt allegedly owed by this third party named Leonard B****.

19. Defendant's use of an automated telephone dialing system was clearly indicated by the fact that no customer service representative was on the line when the Plaintiff would answer the Defendant's calls. Instead, there would be a delay after the Plaintiff answered the phone

until a customer service representative would come on the line.

20. These phone calls were made several times a day, on a daily basis, with such frequency as can reasonably be expected to harass.

21. Defendant's intent on harassing the Plaintiff is further evidenced by the fact that the Defendant was not actually trying to reach the Plaintiff, but rather this unaffiliated third party named Leonard B****, after the Plaintiff repeatedly advised the Defendant that it had the wrong number, that he did not know this Leonard B**** and that Defendant should stop calling him.

22. By placing auto-dialed calls and prerecorded messages to the Plaintiff's cell phone, the Defendant violated 47 USC §227(b)(A)(iii) which prohibits using any automated telephone dialing system or an artificial prerecorded voice to any telephone number assigned to a cellular telephone service when calling to the plaintiff's cell phone.

23. The Defendant therefore willfully violated the TCPA numerous times by placing autodialled calls and prerecorded messages to the Plaintiff's cell phone without his prior, express consent.

24. Plaintiff suffered actual damages because the Defendant's calls to his cell phone deprived him of the use of his cellular phone during the times that the Defendant was calling his cellular phones, depleted battery life of the cellular telephone, and by invading on the Plaintiffs' right to privacy and seclusion, which was the very harm that Congress sought to prevent by enacting the TCPA.

25. The Defendant's repeated calls further caused the Plaintiff to be harassed, stressed, frustrated and annoyed by refusing to cease those incessant calls despite Plaintiff's repeated pleas for the calls to stop, and by insisting on calling the Plaintiff seeking this third party

named Leonard B****. The Defendant's repeated calls further interrupted the Plaintiff's day, and wasted the Plaintiff's time spent answering and otherwise addressing these repeated robocalls.

26. Defendant's communication efforts attempted and/or directed towards the Plaintiff violated various provisions of the TCPA, including but not limited to 47 USC §227(b)(A)(iii).

27. As a result of Defendant's violations of the TCPA, Plaintiff has been damaged and is entitled to damages in accordance with the TCPA.

## FIRST CAUSE OF ACTION
### Negligent Violations of the Telephone Consumer Protection Act
### 47 U.S.C. §227 et seq.

28. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-19.

29. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 et seq.

30. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227.

31. Plaintiff is also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION
### Knowing and/or Willful Violations of the Telephone Consumer Protection Act
### 47 U.S.C. §227 et seq.

32. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-23.

33. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 et seq.

34. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227.

35. Plaintiff is also entitled to and seek injunctive relief prohibiting such conduct in the future.

## COUNT III

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692 *et seq.*

36. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

37. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated section 15 USC § 1692b and 15 USC § 1692c of the FDCPA.

38. 15 USC §1692c provides that "Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney for the creditor, or the attorney of the debt collector."

39. Pursuant to 15 USC §1692c, the Defendant was only allowed to communicate with Plaintiff in order to obtain location information about the debtor "Leonard B****", within the

framework specified by 15 USC §1692b.

40. Pursuant to 15 USC §1692b(3), a debt collector may not communicate with any person other than the actual debtor more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information.

41. Defendant violated said section by continuing to call the Plaintiff dozens of times, after being specifically instructed that the Plaintiff does not know the debtor named "Leonard B****" whom the Defendant was seeking.

42. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff further violated section 15 USC § 1692d of the FDCPA.

43. 15 USC § 1692d(5) prohibits a collection agency from causing a telephone to ring repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

44. Defendant violated this provision of Section 1692d by calling the Plaintiff on dozens of occasions seeking a third party, despite being specifically advised that the Plaintiff does not know the third party whom the Defendant was seeking.

45. As a result of Defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

46. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e *et seq*. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays for the following relief:

a. On the First Count for Negligent Violations of the TCPA, 47 U.S.C. §227 *et seq.*, Plaintiff seeks $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) as a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1); (ii) injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(b)(3)(A); and (iii) any other relief the Court may deem just and proper; and

b. On the Second Count for Knowing and/or Willful Violation of the TCPA, 47 U.S.C. §227 *et seq.*, Plaintiff seeks up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C) as a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1); (ii) injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(b)(3)(A); and any other relief the Court may deem just and proper.

c. On the Third Count, for violations of the FDCA, 15 USC 1692 *et seq.*, Plaintiff demands judgment (i) Awarding Plaintiff statutory damages; (ii) Awarding Plaintiff actual damages; (iii) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; (iv) Awarding pre-judgment interest and post-judgment interest; and (v) Awarding Plaintiff such other and further relief as this Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: November 23, 2016                    /s/ Yitzchak Zelman, Esq.
                                            Yitzchak Zelman, Esq.

MARCUS & Zelman, LLC
1500 Allaire Avenue, Suite 101
Ocean, New Jersey 07712
Telephone: (732) 695-3282
Facsimile: (732) 298-6256
Email: yzelman@MarcusZelman.com
*Attorneys for Plaintiff*